IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

HENRY JAY BUNCH,                    )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )   Case No. CIV-07-391-RAW
                                    )
SCOTT CRAIG, et al.,                )
                                    )
         Defendants.                )

## ORDER

Before the court is the motion of defendant Scott Craig to dismiss and the motion of the plaintiff for appointment of counsel. Plaintiff, presently a prisoner, brings suit pursuant to 42 U.S.C. §1983 based upon the following allegations. Plaintiff contends that he reached an agreement with Scott Craig, a marshal for the Cherokee Nation, to assist Craig in an undercover capacity to ferret out drug law violators. Plaintiff contends that, having taken money from a suspect while working in an undercover capacity, he was unable to contact Craig in the agreed manner, putting plaintiff under "duress." Plaintiff then determined to "buy or steal" sudaphedrine pills from a Wal-Mart store in Fayetteville, Arkansas in order to give the suspect the materials the suspect was expecting. Plaintiff was apprehended by an employee at the store, whereupon plaintiff pulled a pistol from his waist band and fired two shots in the air as a "scare tactic". He was ultimately arrested by the police.

There is no constitutional right to counsel in civil cases. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir.1989). Pursuant to 28 U.S.C. §1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." A decision whether or not to

appoint counsel in a civil action is reviewed for an abuse of discretion. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995). In deciding whether to appoint counsel, "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*. 927 F.2d 525, 527 (10th Cir.1991); *see also Rucks*, 57 F.3d at 979 ("[I]f the plaintiff has a colorable claim then the district court should consider the nature of the factual issues and the ability of the plaintiff to investigate the crucial facts."). The court concludes plaintiff has failed to state a colorable claim and the motion for appointment of counsel will be denied, while the motion to dismiss will be granted.

Plaintiff has failed to state a claim against defendant Craig (or the other named defendant, "Supervisor John Doe"). To state a claim sufficient to survive a motion pursuant to Rule 12(b)(6) F.R.Cv.P., "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008). Here, plaintiff's present difficulties were proximately caused by his own conduct. On another ground stated by the motion to dismiss, it appears defendant Craig would be entitled to invoke the absolute immunity of the Cherokee Nation, to the extent he is sued in his official capacity. *See Bruette v. Knope,* 554 F.Supp. 301, 303-04 (E.D.Wis.1983).

It is the Order of the court that the motion of defendant Scott Craig to dismiss (#13) is hereby GRANTED.  The motion of plaintiff for appointment of counsel (#17) is hereby DENIED.  The "John Doe" defendant has never been identified and served; therefore, this action is dismissed in its entirety.

**ORDERED THIS 29th DAY OF APRIL, 2008.**

**Dated this 29th Day of April 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma